IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASPHALT PAVING SYSTEMS, INC. AND DOSCH-KING CO., INC., | : | |
| Plaintiff, | : | No. 12-2370 |
| v. | : | |
| ASPHALT MAINTENANCE SOLUTIONS, LLC; NORTH WHITEHALL TOWNSHIP; PLUMSTEAD TOWNSHIP; SOLEBURY TOWNSHIP; UPPER MACUNGIE TOWNSHIP; BOROUGH OF MACUNGIE, LOWER MACUNGIE TOWNSHIP; AND OLEY TOWNSHIP, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**DEFENDANT ASPHALT MAINTENANCE SOLUTIONS, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant, Asphalt Maintenance Solutions, LLC, by and through its undersigned counsel, Norris McLaughlin & Marcus, P.A., hereby submits its Brief in Support of its Motion to Dismiss Plaintiffs' Complaint (the "Motion").

## I. INTRODUCTION

This dispute arises out of competition in the roadway maintenance industry for projects primarily located in Lehigh, Berks and Bucks County, Pennsylvania (the "subject area"). Compl. ¶ 14. In particular, Plaintiffs Asphalt Paving Systems, Inc. ("APS") and DOSCH-KING Co., Inc. ("DKC") (collectively referred to as "Plaintiffs") allege that Defendants Asphalt Maintenance Solutions, LLC ("AMS") and the Defendant municipalities, as identified in the Complaint, conspired to have the Defendant municipalities adopt roadway maintenance specifications that favored AMS. Compl. ¶ 23. Based upon AMS' alleged petitioning of the

Defendant municipalities to enact these required specifications, Plaintiffs bring two counts for alleged violations of the Sherman Act, a count pursuant to the Clayton Act, a count pursuant to 42 U.S.C. § 1983 ("Section 1983"), and state law claims for interference with a prospective contractual and economic opportunity, civil conspiracy, and injunctive and declaratory relief. However, as the following discussion makes clear, this entire matter should be dismissed for failure to state a claim.

## II. <u>FACTS</u>

Plaintiffs and Defendant are competitors in the roadway maintenance industry. All of the parties happen to compete in eastern Pennsylvania. Compl. ¶ 22. All of the Defendant municipalities have adopted certain specifications that each bidder for a roadway maintenance project is required to meet. Compl. ¶ 24. These specifications require the use of products known as "Grip Tight" and "High Performance Chip Seal" ("HPSC"). *Id*. at b. and c. They also require the use of a twenty-two (22) foot chip spreader for road work. *Id*. at d.

AMS is the alleged sole distributor of "Grip Tight" in the Northeast United States. *Id*. at 30. Plaintiffs complain, among other things, that they are unable to purchase "Grip Tight" from AMS, and, therefore, cannot bid on projects posted by the Defendant municipalities. *Id*. at 25-35. Similarly, Plaintiffs allege that AMS has purchased all of the HPSC in the subject area, which makes it more expensive for Plaintiffs to obtain HPSC. *Id*. at 42-45. Finally, Plaintiffs allege that, despite the Defendant municipalities' mandates, a twenty-two (22) foot spreader is unnecessary to conduct road work. *Id*. at 52. It is alleged that AMS has a twenty-two (22) foot spreader, but Plaintiffs do not. *Id*. at 53-55. In sum, Plaintiffs complain that the Defendant municipalities have adopted the aforementioned requirements at the request of AMS and with the intent of preventing Plaintiffs from bidding on construction projects.

## III. ISSUES

**A. WHETHER THE ANTITRUST CLAIMS ALLEGED IN COUNTS I-III OF PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PER THE NOERR-PENNINGTON DOCTRINE WHERE AMS PETITIONED MUNICIPALITIES TO ADOPT BID SPECIFICATIONS THAT FAVORED AMS?**

*Suggested Answer*: **Yes.**

**B. WHETHER PLAINTIFFS' SECTION 1983 CIVIL RIGHTS CLAIM AND STATE LAW CLAIMS SHOULD BE DISMISSED WHERE NOERR-PENNINGTON IMMUNITY HAS BEEN EXTENDED TO CLAIMS UNDER SECTION 1983 AND COMMON LAW TORT CLAIMS?**

*Suggested Answer*: **Yes.**

**C. WHETHER PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT SHOULD BE DISMISSED WHERE PLAINTIFFS ARE NOT TAXPAYERS IN ANY OF THE CONTRACTING MUNICIPALITIES?**

*Suggested Answer*: **Yes.**

## IV. ARGUMENT

### A. Standard for Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate where, as here, the complaint fails to set forth sufficient facts to support the elements of a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Phillips v. Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Although Rule 8(a) of the Federal Rules of Civil Procedure has often been said to require "notice" rather than "fact" pleading, as the Supreme Court in *Twombly* made clear, sufficient factual pleading is an indispensable element of the Rule's requirement that a pleader provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 573; *see also Phillips*, 515 F.3d at 230-34. Where a complaint pleads facts 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citations omitted). In applying these principles, the court may consider, in addition to the allegations contained in the complaint itself, exhibits attached to the complaint and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indust., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

**B. <u>The Court must dismiss the Sherman Act Counts (Count I and II) and the Clayton Act Count (Count III) because the Noerr-Pennington Doctrine immunizes AMS from antitrust liability.</u>**

The Plaintiffs' contentions fall squarely within the ambit of the Noerr-Pennington Doctrine (the "Doctrine"), and, therefore, AMS' alleged petitioning of the municipalities and the results thereof are immunized. Under the Noerr-Pennington Doctrine, private parties may be immunized against liability stemming from antitrust injuries flowing from valid petitioning of all branches of government. *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). This includes two distinct types of actions. A petitioner may be immune from the antitrust injuries which result from the petitioning itself. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127,143 (1961) (finding trucking industry plaintiffs' relationships with their customers and the public were hurt by the railroads' petitioning activities, yet the railroads were immune from liability). Also, and particularly relevant here, parties are immune from liability arising from the antitrust injuries caused by government action which results from the petitioning. *See Mine Workers v. Pennington*, 381 U.S. 657, 671 (1965) (holding plaintiffs could not recover damages resulting from the state's actions); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Assoc*., 107 F.3d 1026, 1037 (3d Cir. 1997) (finding immunity for any damages stemming from state adoption of requirements for bar admission to petitioners who lobbied for their adoption). Therefore, if its conduct constitutes valid petitioning, the

petitioner is immune from antitrust liability whether or not the injuries are caused by the act of petitioning or are caused by government action which results from the petitioning.

In *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365 (1991), the Supreme Court reiterated the Noerr-Pennington Doctrine, under "which the federal antitrust laws…do not regulate the conduct of private individuals in seeking anticompetitive action from the government." *Id*. at 379. The Supreme Court has also made it clear that there is no "conspiracy" exception to Noerr-Pennington immunity. *Id*. at 382. Simply because state officials might conspire with a private party to stifle competition does not mean that the action loses immunity. *See id*. The Doctrine provides that the Sherman **and** Clayton Acts "do not reach political activities no matter how nefarious those activities may be." *Astoria Entertainment, Inc. v. Edwards,* 159 F.Supp.2d 303, 320 (E.D. La. 2001); *See also Fisher Tooling Co., Inc. v. Gillet Outilliage*, 2006 WL 5895307, at *9-11 (C.D. Cal. June 6, 2006)

Based on the aforesaid law, courts have repeatedly immunized private parties from antitrust liability based upon facts similar to those plead by Plaintiffs. For example, in *Association of Minority Contractors and Suppliers, "AMCAS, INC." v. Halliday Properties, Inc., et al.*, 1998 U.S. Dist. LEXIS 12596, at *18 (E.D. Pa. Aug. 13, 1998), the court found allegations of a conspiracy between an entity and public officials to prevent plaintiff from obtaining bonding insurance necessary for a project to be immunized under the auspices of the Noerr-Pennington Doctrine. In *AMCAS*, plaintiff alleged that its competitors' actions of petitioning city council to dissolve an entity that would have provided AMCAS with a bond necessary for a project violated the Sherman Antitrust Act. *Id*. at *5-7. AMCAS' theory was that by stifling competition, defendant competitor was able to successfully submit an inflated bid, thereby securing 'supracompetitive profits.' *Id*. at *11. AMCAS alleged that its competitor and various public

officials made phone calls, held private meetings and otherwise exercised influence over city and county political figures in order to prevent AMCAS from receiving its bond. *Id*. at *10-11. The court found, however, that where a party seeks beneficial government treatment and is successful in obtaining such treatment, the petitioning for such treatment is protected activity under the Noerr-Pennington Doctrine. *Id*. at *15. Additionally, the court opined that "even if AMCAS conspired with public officials to pass the resolution for selfishly motivated reasons, such a theory would be unsuccessful under *Omni Outdoor Advertising*." *Id*. at *14 (citing *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 383 (1991)). This court held that AMCAS' remedies are political in nature, not legal. *Id*. at *15; *See also A.B. Bedell Wholesale Co. Inc. v. Philip Morris, Inc.*, 263 F.3d 239, 254 (3d Cir. 2001) (finding a settlement agreement between private parties and the government was immune as petitioning activity under the Noerr-Pennington Doctrine); *TAL v. Hogan*, 453 F.3d 1244, 1260 (10th Cir. 2006) (applying Noerr-Pennington immunity to alleged bid-rigging conspiracy regarding lobbying of city council to approve a renovation plan); *Borough of Lansdale, et al. v. PP&L, Inc.*, *et al.*, 426 F. Supp. 2d 264, 279 (E.D. Pa. 2006) (applying Noerr-Pennington immunity to actions by the Pennsylvania Public Utility Commission stemming from a PP&L petition); *Jetaway Aviation, LLC v. The Board of County Commissioners of the County of Monrose, Colorado, et al.*, 2012 U.S. Dist. LEXIS 42377, at *14-15 (D. Colo. March 28, 2012) (finding that allegations of monopoly creation were immunized by the Noerr-Pennington Doctrine where the conduct complained of against the non-government defendants required decision making by county officials).

In the present matter, Plaintiffs' remedies are also limited to the political process rather than the present federal antitrust litigation. Plaintiffs have simply alleged that AMS was effective at lobbying the Defendant municipalities to adopt specifications that were favorable to

AMS. Compl. ¶¶ 24a.-24d. Defendant municipalities are free to adopt any specifications that they deem appropriate for their respective roadways, including the type of seals and machinery used by their contractors. As repeatedly explained in the aforementioned cases, such allegations do not amount to antitrust violations. In fact, the Plaintiffs do not allege that they are outright banned from the bid process; rather, they complain that the bid process is more difficult given the adopted specifications. Compl. ¶¶ 33-35, 45, 53-55. Because the adopted specifications were enacted via the political process, Noerr-Pennington immunity applies to the Sherman and Clayton Act claims lodged against AMS.

For all the above reasons, therefore, Plaintiffs' boilerplate antitrust allegations are precluded by the Noerr-Pennington Doctrine. Accordingly, this Court should dismiss Counts I-III of Plaintiffs' Complaint with prejudice.

### C. **This Court must dismiss the Section 1983 claim and state law claims because they are also precluded by the Noerr-Pennington Doctrine.**

The Noerr-Pennington Doctrine is applicable in contexts other than antitrust suits; therefore, it precludes liability under Section 1983 (Count IV) and the alleged state law claims for interference with a prospective contractual and economic opportunity (Count V), civil conspiracy (Count VI), and injunctive relief (Count VII). Courts of appeals, including the Third Circuit Court of Appeals, have frequently held that the restrictions on liability are applicable to liability under state tort laws and to liability under the Civil Rights Act. *See Herr v. Pequea Twp.*, 274 F.3d 109, 117 (3d Cir. 2001) (extending Noerr-Pennington immunity to Section 1983 claims), *abrogated on other grounds by United Artists Theatre Circuit v. Twp. of Warrington*, 316 F.2d 392 (3d Cir. 2003); *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 128 (3d Cir. 1999)(extending Noerr-Pennington immunity to common law tort claims of malicious prosecution, tortious interference with contract, tortious interference with prospective economic

advantage, and unfair competition); *State of Missouri v. National Organization of Women,* 620 F.2d 1301, 1318-19 (8th Cir.1980); *Video Intern. Production, Inc. v. Warner-Amex Cable Communications, Inc.*, 858 F.2d 1075, 1084 (5th Cir.1988) ("[W]e hold that any behavior by a private party that is protected from anti-trust liability by the Noerr Pennington doctrine is also outside the scope of Section 1983 liability"); *Gorman Towers, Inc. v. Bogoslavsky,* 626 F.2d 607, 614-15 (8th Cir.1980) (same); *Stern v. United States Gypsum, Inc.,* 547 F.2d 1329, 1342-46 (7th Cir.1977). Therefore, given the vast applicability of the Noerr-Pennington Doctrine, Plaintiffs' state law claims and their claim per Section 1983 must be dismissed for failure to state a claim.

**D. Count VII (Injunctive Relief and Declaratory Judgment) must be dismissed because Plaintiffs lack standing to enjoin a contract where Plaintiffs are not taxpayers in the contracting jurisdictions.**

In addition to the aforesaid reasons, Plaintiffs' claim for injunctive relief and declaratory judgment (Count VII) fail because Plaintiffs lack standing to bring these causes of action under Pennsylvania law. *See Rosado v. Ford Motor Co.*, 337 F.3d 291, 293-94 (2003) (applying Pennsylvania law regarding standing in federal diversity matter). In Pennsylvania, a taxpayer of a contracting jurisdiction who is also a disappointed bidder has standing to enjoin the award of a public contract. *American Totalisator Company v. Seligman,* 489 Pa. 568, 414 A.2d 1037 (1980). However, the action is that of the taxpayer, not of the disappointed bidder. *Lutz Appellate Printers v. Department of Property and Supplies,* 472 Pa. 28, 33, 370 A.2d 1210, 1212 (1977). A disappointed bidder who is not a taxpayer in the contracting jurisdiction does not have standing to challenge the award of a public contract. *Mascaro and Sons, Inc. v. Township of Bristol,* 505 A.2d 1071, 1073 n. 3 (Pa. Commw. 1976); *See also The General Crushed Stone Company v. Caernarvon Township,* 605 A.2d 472 (Pa. Commw. 1992); *C.O. Falter Const. Corp. v. Towanda Mun. Authority*, 614 A.2d 328, 332 (Pa. Commw. 1992) (holding that a mere

disappointed bidder who is a federal or state taxpayer, is not an aggrieved taxpayer in the municipality benefitting from the contract and does not have a substantial, direct or immediate interest in the contract which is even equal to let alone greater than municipal taxpayers).

Here, Plaintiffs are citizens of the State of New Jersey and maintain principal places of business in that state. Compl. ¶¶ 1, 2. While Plaintiffs may be authorized to conduct business in the Commonwealth of Pennsylvania, they do not allege that they are taxpayers in any of the Defendant municipalities. Compl. ¶¶ 1, 2. Therefore, given the aforesaid law, Plaintiffs lack standing to request any type of injunctive relief. Compl. ¶¶ 211-215.

## V. CONCLUSION

Based on the aforesaid, it is evident that AMS' motion should be granted in its entirety and the Court should dismiss the Complaint. The Noerr-Pennington Doctrine provides absolute immunity against the alleged antitrust activities. This immunity extends to the Civil Rights claim and to the state law claims. Furthermore, Plaintiffs lack standing to seek injunctive and declaratory relief.

**Respectfully Submitted,**

**NORRIS, McLAUGHLIN & MARCUS, P.A.**

Date: 06/05/2012

By: */s/ Steven E. Hoffman, Esquire*

Steven E. Hoffman, Esquire
Attorney I.D. No. 63911
Saleem M. Mawji, Esquire
Attorney I.D. No. 200125
1611 Pond Road, Suite 300
Allentown, PA 18104
Ph# 610-391-1800 Fax# 610-391-1805

*Attorneys for Asphalt Maintenance Solutions, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASPHALT PAVING SYSTEMS, INC. and DOSCH-KING CO., INC., Plaintiffs, | : | No. 12-2370 |
| v. | : | |
| ASPHALT MAINTENANCE SOLUTIONS, LLC; NORTH WHITEHALL TOWNSHIP; PLUMSTEAD TOWNSHIP; SOLEBURY TOWNSHIP; UPPER MACUNGIE TOWNSHIP; BOROUGH OF MACUNGIE; LOWER MACUNGIE TOWNSHIP and OLEY TOWNSHIP, Defendants. | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, do hereby certify that on the 5th day of June, 2012, a true and correct copy of Defendant Asphalt Maintenance Solutions, LLC's Brief in Support of Motion to Dismiss Plaintiffs' Complaint has been filed electronically and is available for viewing and downloading from the ECF system.

Served electronically upon:

***ATTORNEYS FOR PLAINTIFFS ASPHALT PAVING SYSTEMS, INC. AND DOSCH-KING CO., INC.***

- **COLIN G. BELL**
  coling@hankinsandman.com,kimp@hankinsandman.com,
  tinag@hankinsandman.com

- **JOHN F. PALLADINO**
  john@hankinsandman.com

- **RAYMOND J. WENT, JR.**
  rayw@hankinsandman.com

***ATTORNEYS FOR OLEY TOWNSHIP***

- **ANDREW J. BELLWOAR**
  ajbellwoar@sianalaw.com,rakochel@sianalaw.com
- **SUSAN L. DIGIACOMO**
  sdigiacomo@sianalaw.com

***ATTORNEYS FOR LOWER MACUNGIE TOWNSHIP***

- **PAUL G. LEES**
  pglees@mdwcg.com

***ATTORNEYS FOR PLUMSTEAD TOWNSHIP and SOLEBURY TOWNSHIP***

- **HARRY G. MAHONEY**
  hgmahoney@dmvnlaw.com,kanderson@dmvnlaw.com

***ATTORNEYS FOR BOROUGH OF MACUNGIE***

- **H. PETER NELSON**
  pnelson@grimlaw.com,froopchand@grimlaw.com,amadle@grimlaw.com,parmst rong@grimlaw.com

Served by first-class, postage prepaid United States Mail upon:

**NORTH WHITEHALL TOWNSHIP**
3256 Levans Road
Coplay, PA 18037

**UPPER MACUNGIE TOWNSHIP**
8330 Schantz Road
Breinigsville, PA 18031

NORRIS McLAUGHLIN & MARCUS, P.A.

By: */s/ Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney I.D. No. 63911