John F. Palladino, Esq. (JP8794)
Hankin Sandman & Palladino
30 S. New York Avenue
Atlantic City, NJ 08401
Phone: (609) 344-5161
Fax: (609) 344-7913
***Attorneys for Plaintiffs, Asphalt Paving Systems, Inc. and Dosch-King Co., Inc.***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASPHALT PAVING SYSTEMS, INC.; and DOSCH-KING CO., INC., Plaintiff | Civil Action No.: 12-2370 |
| v. | |
| ASPHALT MAINTENANCE SOLUTIONS, LLC; NORTH WHITEHALL TOWNSHIP; PLUMSTEAD TOWNSHIP; SOLEBURY TOWNSHIP; UPPER MACUNGIE TOWNSHIP; BOROUGH OF MACUNGIE, LOWER MACUNGIE TOWNSHIP; and OLEY TOWNSHIP, Defendants | PLAINTIFFS', ASPHALT PAVING SYSTEMS, INC. AND DOSCH-KING CO., INC.'S, SUR REPLY |

## INTRODUCTION

Plaintiffs submit this brief in response to the reply brief of Defendant Asphalt Maintenance Solutions, LLC ("AMS").

Case 5:12-cv-02370-CMR Document 63 Filed 09/28/12 Page 5 of 7

ARGUMENT

AMS Fails to Recognize the Distinction Between the Product and the Service

AMS attempts to posture the entirety of Plaintiffs' Complaint as an assault on the validity of the municipal defendants sole source specifications. No doubt those specifications play an integral role in this case, but they are not the core problem. Rather, the core problem is that AMS will not make Grip Tight available to any potential paving competitors.

AMS's insistence that Queen City Pizza, Inc. v. Domino's Pizza, Inc., 124 F.3d (3rd Cir. 1997) is relevant to the matter is admirable in its resilience, but is simply wrong. In Queen City, the Plaintiffs contracted to buy dough from Domino's and wrongly sought to use the Anti-Trust laws as a means of repudiating those contracts. Here, it is the municipal defendants, ***not the Plaintiffs***, that have contracted to buy product from the manufacturer. A more important distinction is that the municipal defendants did not specify that AMS would be the only company that could apply Grip Tight and there is no contract between the municipal defendants and AMS, assuring AMS that it would have an exclusive right to apply Grip Tight. (Were that the case, it would be an admission that the entire bid process was a charade.) Rather, AMS has unilaterally determined that it would deny others its product.

By refusing to make Grip Tight available to potential bidders, AMS wrongly took advantage of the sole source specifications to make itself the only bidder. Stated differently, to the detriment of the consumer; i.e. the municipalities and their taxpayers, AMS has given its service arm an unlawful monopoly on the application of a product

controlled by its manufacturing arm. This is precisely the arrangement the United States Supreme Court vitiated in Eastern Kodak Co. v. Image Technical Services, Inc., 504 U.S. 451 (1992). Here, just as in Kodak, the consumer locked into a product, which the manufacturer has attempted to leverage into a monopoly on service. The Kodak court would not allow such blatantly anti-competitive conduct nor, we respectfully submit, can this Court.

Noerr-Pennington Does Not Apply

The singular case relied upon by AMS to justify the application of Noerr-Pennington to an *ultra vires* law is Chambers Development, Inc. v. Municipality of Monroeville, 617 F. Supp. 820, 822-23 (W.D. Pa. 1985) (Defendant Br. p. 5). As AMS correctly points out, the language it is relying upon refers to a claim against a ***municipality***. Noerr does not apply to municipalities, hence AMS's reliance on same is misplaced.

By contrast, we rely upon the Federal Bench's repetitive statements that Noerr applies to "valid" government law-making. See Metro Cable Co. v. CATV of Rockford, Inc., 516 F.2d 220, 227 (7th Cir. 1975) stating:

> Nor does the Sherman Act apply to concerted efforts to induce government to take such ***lawful*** action, if those efforts are genuine. Noerr. [Emphasis Supplied]

See also Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 136, 82 S.Ct. 523, 529, 5 L.Ed.2d 464 (1961); UIBO Corp., Inc. v. Conway, 669 F.3d 675, 684 (6th Cir. 2012); Xcalibur Intern, Ltd., LLC v. Gen. State of Louisiana, 612 F.3d 368, 379 (5th Cir. 2010); and Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital, 185 F. 3d 154, 159 (3d. Cir. 1999). All holding the Noerr exception applied to ***valid*** government action.

Over and over, we have been reminded that Noerr protects petitioning aimed at creating ***lawful*** government action. Noerr does not, nor should it, protect petitioning aimed at prompt otherwise unlawful action.

## CONCLUSION

For the foregoing reasons, Asphalt Maintenance Solutions, Inc.'s Motion to Dismiss First Amended Complaint should be denied.

HANKIN SANDMAN & PALLADINO
Counsellors at Law
A Professional Corporation

Dated: September 28, 2012

By: John F. Palladino
John F. Palladino, Esq.
Colin G. Bell, Esq.
john@hankinsandman.com
coling@hankinsandman.com
**Attorneys for Plaintiffs, Asphalt Paving Systems, Inc. and Dosch-King Co., Inc.**

U:\My Files\Asphalt Paving\Asphalt Maint - Hammaker\Pleadings\Mtn to Dismiss\Motion to file response\Sur Reply.wpd